UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-24901-CIV-GOODMAN
[CONSENT CASE]

EVELYN MEADORS,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER DISMISSING COUNT II OF THE COMPLAINT

In "All the Young Punks," the Clash, an English band which first gained fame in the 1970s as part of the British punk rock movement, musically discussed the reality that "a contract is a contract."[1] In this case, however, a theme directly *contrary* to those lyrics is at issue in the motion to dismiss: what is *not* in the contract cannot be the basis of a breach of contract claim.

Defendant Carnival Corporation moves to dismiss Count II of this two-count personal injury lawsuit for failure to state a claim for breach of contract. [ECF No. 10, pp. 7–12]. Carnival answered Count I (for negligence), however, and also asserted affirmative defenses to the negligence count. [ECF No. 10, pp. 1–6]. Plaintiff Evelyn

---

[1]    THE CLASH, *All the Young Punks*, *on* GIVE 'EM ENOUGH ROPE (CBS, Epic 1978).

Meadors filed a response and Carnival filed a reply. [ECF Nos. 13; 15].

The lawsuit concerns an injury Meadors allegedly sustained when she was a passenger aboard a Carnival cruise ship named the Carnival Conquest. At bottom, Meadors alleges that a male crew member directed her, her husband, and another couple through a door where they walked up a flight of non-carpeted stairs. She says that she slipped and fell on a foreign substance after climbing one flight of the metal stairs. She also contends that the foreign substance was not open and obvious when she slipped on it, on the landing between the third and fourth decks. She further alleges that she later learned that the crewmember had directed her to enter a door marked "Crew Only."

For the reasons outlined below, the Court **grants** Carnival's motion to dismiss Meadors' breach of contract claim (Count II). This dismissal is without prejudice and technically gives Meadors leave to file an amended complaint if she wishes to pursue the now-dismissed breach of contract claim. But it seems highly unlikely that Meadors will be able to successfully do that because the contract does not contain the language she thinks it contains.

### **Factual Background[2] and Procedural History**

Meadors was a fare-paying passenger on the Carnival Conquest. She boarded the

---

[2] The facts come from the well-pled allegations in Plaintiff's Complaint, which the Court deems true for purposes of this dismissal motion, and from Carnival's submission of a sample ticket contract, which Meadors does not challenge.

vessel on November 28, 2016, at Port Everglades, Florida, where she and the other passengers were leaving for an eight-day cruise to the Caribbean. Approximately three hours after boarding the vessel, Meadors slipped on a landing.

A Carnival crewmember took her by wheelchair to the vessel's medical ward, where she received medical treatment. She was released to her cabin later that night. She required additional medical treatment after the cruise returned to Port Everglades. As of the time the lawsuit was filed in November 2016, Meadors continued to receive medical treatment.

Count I of her Complaint is for negligence. Count II is for breach of contract. Meadors did not attach the ticket contract to her complaint. Count II alleged that the "written contract of carriage" required Carnival to "transport the Plaintiff during the cruise in a safe manner and return her safely to the port of origin." [ECF No. 1, ¶ 35]. It also alleged that the written contract provided her with "safe passage on a Vessel in which the common areas of the Vessel and all other areas of the Vessel which employees of the Defendant directed its passengers to use were maintained in a reasonably safe condition." [ECF No. 1, ¶ 36].

Carnival's motion to dismiss Count II was initially based on two grounds: (1) the lawsuit is time-barred because it was filed after the contractual deadline, and (2) there is no express or implied contract guaranteeing safe passage to Meadors. But in its reply, Carnival effectively abandoned the first argument by failing to address it. Therefore,

3

this Order will address only the second argument, which the Court finds dispositive anyways.

Carnival's motion explained that Meadors did not attach to her Complaint a copy of the passenger ticket contract. Therefore, Carnival attached a copy of a sample passenger ticket contract containing the identical terms contained in Meadors' original passenger ticket contract. Carnival's motion also explained that Meadors and her counsel have actual knowledge of the terms of the passenger ticket contract because it was cited in the Complaint. Carnival also attached a cruise ticket contract acceptance report, showing that Meadors accepted the ticket contract on November 9, 2015 at 3:01 p.m. [ECF No. 10-3], and Meadors does not in any way challenge that.

In her response, Meadors accepts for purposes of the dismissal motion that the exemplar passenger ticket Carnival attached to its motion contains "identical terms" to those in her original passenger ticket contract. [ECF No. 13, p. 2]

Significantly, Meadors' response does not pinpoint any language from the contact in which Carnival guaranteed her safe passage or to transport her in a safe manner. Indeed, it does not cite any specific contract language. Instead, the response argues, in a conclusory way, that her complaint "pleads all of the necessary elements to maintain a cause of action for Breach of Contract." [ECF No. 13, p. 7].

**<u>Applicable Law and Analysis</u>**

Dismissal for failure to state a claim under Rule 12(b) is warranted "when it

appears that the plaintiff has little or no chance of success, i.e., when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin Cty. Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint is also insufficient if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Critically, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

The Eleventh Circuit has adopted the "incorporation by reference" doctrine when analyzing Rule 12(b)(6) motions. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The doctrine allows courts to consider a document attached to the motion to dismiss without converting the motion into one for summary judgment. *Bamert v. Pulte Home Corp.*, 445 F. App'x 256, 267 (11th Cir. 2011). But two elements must be present for the doctrine to apply: (1) the document must be "central to the plaintiff's claim," and (2)

5

"the authenticity of the document is not challenged." *Id.*

Here, Meadors mentions her ticket contract in the Complaint, and the ticket contract is central to Meadors' count for breach of contract. [ECF No. 1, ¶¶ 4, 21, 34–37]. Carnival attached as an exhibit to its motion to dismiss a sample ticket contract that was in effect during the time Meadors accepted her actual ticket. [ECF No. 10, p. 10; 10-1]. Moreover, Meadors does not challenge the accuracy of the exhibit. [ECF No. 13, p. 2].

Consequently, the sample contract guides the Court's assessment of the breach of contract claim and the motion to dismiss it.

A cruise line contract is a maritime contract governed by general maritime law. *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1370 (S.D. Fla. 2005). Under admiralty law, **unless a contract expressly guarantees safe passage, there cannot be a breach of that contract for safe passage.** *See Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1321 (S.D. Fla. 2015); *Terry v. Carnival Corp.*, 3 F. Supp. 3d 1363, 1368 (S.D. Fla. 2014); *Doonan*, 404 F. Supp. 2d at 1372–73 (S.D. Fla. 2005); *Doe v. Celebrity Cruises*, 145 F. Supp. 2d 1337, 1346 (S.D. Fla. 2001); *Hass v. Carnival Cruise Lines, Inc.*, No. 86-33-CIV-KING, 1986 WL 10154, at *1 (S.D. Fla. Mar. 20, 1986).

Furthermore, the warranty of seaworthiness does not apply to fare paying passengers. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984); *Smith v. Carnival Corp.*, 584 F. Supp. 2d 1343, 1352 (S.D. Fla. 2008); *Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1377 (S.D. Fla. 2002). Nor does maritime law

6

imply a warranty of seaworthiness to passengers absent an express provision guaranteeing safe passage. *Bird v. Celebrity Cruise Line, Inc.*, 428 F. Supp. 2d 1275, 1279 (S.D. Fla. 2005) (collecting cases). In sum, in the absence of a specific contractual provision, a breach of a vessel owner's duty of care is based in *negligence*, not in contract. *Hass*, 1986 WL 10154 at *1.

Nevertheless, Meadors (incorrectly) alleges that the contract between the parties "included safe passage on a Vessel" and that "Defendant undertook and agreed as a common carrier, pursuant to the written contract of carriage, to transport the Plaintiff during the cruise in a safe manner and return her safely to the port of origin." [ECF No. 1, ¶¶ 34–35]. The passenger ticket contract contains no such terms. [ECF No. 10-1].

Meadors' response to the dismissal motion does not pinpoint the specific written language from the ticket contract that was purportedly breached.

Meadors' breach of contract claim seeks damages for "severe bodily injuries and resulting physical and mental pain and suffering, grief, humiliation, loss of capacity for the enjoyment of life, expense of medical care and treatment and/or the aggravation of a previously existing condition." [ECF No. 1, ¶ 38]. But nothing in the ticket contract guarantees safe passage.

Because the pertinent ticket contract does not guarantee safe passage, Meadors cannot establish a breach of her ticket contract for safe passage.

The case of *Jackson v. Carnival Cruise Lines*, *Inc.* is directly on point. The *Jackson*

7

court dismissed a breach of a maritime contract claim that alleged the cruise line "failed to provide a seaworthy and safe vessel and services, including food products; adequate medical assistance, training, and supervision aboard its vessel; and safe passage." *Jackson*, 203 F. Supp. 2d at 1377. In so dismissing, the court rejected the plaintiff's claim of an express guarantee of safe passage where the only evidence the plaintiff could put forward was that he was referred to as a "guest" in the ticket contract. *Id*. In fact, the parties' ticket contract disavowed such responsibility for safe passage. *Id*. Further, the court noted that a ship's passengers are not covered by the warranty of seaworthiness, a term imposing absolute liability on a vessel owner only for the carriage of cargo and seaman's injuries. *Id*.

Similarly, in *Bird v. Celebrity Cruise Line, Inc.*, the plaintiff brought suit against the cruise line for breach of an implied warranty of merchantability after she allegedly contracted bacterial enteritis from food onboard the vessel. *Bird*, 428 F. Supp. 2d at 1277. The Court held that such a claim did not exist as a matter of law under general maritime law and dismissed the claim. *Id*. at 1280–81. Not only did the court not imply a warranty, but it found that the parties' ticket contract specifically disclaimed it. *Id*. at 1280. In arriving at its holding, the court noted that "courts have manifested a strong reluctance to imply warranties in contracts governed by admiralty law." *Id.* at 1279 (citing *Jackson*, 203 F. Supp. 2d at 1367).

In her response, Meadors emphasizes the specific allegations in the Complaint

8

about breach of contract. But the allegations are contradicted by the actual contract, which is the likely reason why Meadors fails to specify any particular contract provision that was supposedly breached. When a plaintiff's breach of contract allegations are belied or contradicted by the actual contract, then that plaintiff may not continue with her claim because the actual contract language (not her allegations) control. *Rockey v. Royal Caribbean Cruises, Ltd.*, No. 99-708-CIV-GOLD, 2001 WL 420993, at *6 (S.D. Fla. Feb. 20, 2001) (dismissing breach of contract claim for injuries sustained by a cruise ship passenger who was struck in the back of head by an electronic bingo board and who suffered severe permanent personal injuries because the allegation about breaching a contractual safe passage duty was flatly contradicted by the actual contract language). *Cf. Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1342 (S.D. Fla. 2012) (dismissing fraud claim with prejudice because "the contract documents directly contradict Plaintiffs' allegations").

Stripped to its essential core, Meadors' breach of contract action is actually a negligence claim masquerading as a contract action. "[M]aritime law will not support a passenger's breach of contract claim unless there is an express provision in the contract of carriage guaranteeing safe passage." *Doonan*, 404 F. Supp. 2d at 1372; *see Rockey*, 2001 WL 420993, at *6 (dismissing breach of contract claim, stating that absent an express provision in the contract guaranteeing safe passage, "the only viable cause of action must be based on negligence."). Carnival has not moved to dismiss the negligence

claim. That claim is pending and was subject to Carnival's answer and affirmative defenses.

## Conclusion

The Court grants Carnival's motion to dismiss Count II for breach of contract, albeit without prejudice. If Meadors can locate contract language that she in good faith believes Carnival breached, then she may file an amended complaint within ten days from the date of this Order. Given the Court's review of the contract, however, I cannot discern any specific language which would qualify. To the contrary, the contract provides that "[e]xcept as otherwise expressly provided herein, this contract constitutes the entire agreement between Carnival and Guest[.]" [ECF No. 10-1, p. 2]. Nevertheless, if Meadors and her counsel are able to focus on contract language that the Court did not spot, and this language provides adequate grounds for a breach of contract claim consistent with the provisions of Federal Rule of Civil Procedure 11, then this Order does not prevent Meadors from realleging an amended breach of contract count.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 30, 2017.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record